UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER STEVEN BUTLER,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

Case No. 17-cv-02399-PJH

**ORDER OF SERVICE**

Re: Dkt. No. 5

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis. This action is identical and has been related to *Wade v. CDCR*, No. 17-cv-0042 PJH.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that defendants have interfered with the of practice his religion.

Section 3 of the Religious Land Use and Institutionalized Persons Act (RLUIPA) provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."  42 U.S.C. § 2000cc-1(a).  The statute applies "in any case" in which "the substantial burden is imposed in a program or activity that receives Federal financial assistance."  42 U.S.C. § 2000cc-1(b)(1).  RLUIPA also includes an express private cause of action that is taken from RFRA: "A person may assert a violation of [RLUIPA] as

2

a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a); cf. § 2000bb-1(c).

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). A prisoner is not required to objectively show that a central tenet of his faith is burdened by a prison regulation to raise a viable claim under the Free Exercise Clause. *Id.* at 884-85. Rather, the sincerity test of whether the prisoner's belief is "sincerely held" and "rooted in religious belief" determines whether the Free Exercise Clause applies. *Id.* (finding district court impermissibly focused on whether consuming Halal meat is required of Muslims as a central tenet of Islam, rather than on whether plaintiff sincerely believed eating kosher meat is consistent with his faith). The prisoner must show that the religious practice at issue satisfies two criteria: (1) the proffered belief must be sincerely held and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (cited with approval in *Shakur*, 514 F.3d at 884).

The Equal Protection Clause requires that an inmate who is an adherent of a minority religion be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts," *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (Buddhist prisoners must be given opportunity to pursue faith comparable to that given Christian prisoners), as long as the inmate's religious needs are balanced against the reasonable penological goals of the prison, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987). *Allen v. Toombs*, 827 F.2d 563, 568-69 (9th Cir. 1987).

Plaintiff states that he is a member of the Nation of Islam. He maintains that there are several prison television channels that show different religious video presentations. While there is an Islam channel and a video, it is a different denomination than the Nation of Islam. Plaintiff has requested his own video presentation and a Nation of Islam

3

chaplain, but the requests have been denied which has interfered with his ability to practice his religion. These allegations are sufficient to proceed as a violation of RLUIPA, the First Amendment, the Fourteenth Amendment and related state laws.

Plaintiff also seeks to hold defendants liable pursuant to municipal liability. The Supreme Court has held that Congress intended "municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). However, in *Will v. Mich. Dept. of State Police*, the Supreme Court expressly limited the reach of *Monell*, noting that "it does not follow that if municipalities are person then so are states." 491 U.S. 58, 70 (1989). Thus, the Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. Therefore, neither the State of California nor its state agencies can be subject to a § 1983 *Monell* claim. This claim is denied.

Plaintiff has also filed a motion to certify this case as a class action. The motion is denied because pro se prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of a class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *Griffin v. Smith*, 493 F. Supp. 129, 131–32 (W.D.N.Y. 1980). To the extent that plaintiff requests the appointment of counsel, the request is denied. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented

4

his claims adequately, and the issues are not complex.

**CONCLUSION**

1. The motion to certify a class action (Docket No. 4) is **DENIED**.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants: Chief of Inmate Appeals M. Voong, Warden S. Hatton, Community Resource Manager Lisa Urquidez and Muslim Chaplain Tariq Aquil, all at Correctional Training Facility-Soledad and Secretary of CDCR Scott Kernan.

3. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the court prior to the date her summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

    c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir.

5

1988).

If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

    d. If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon her.

    e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 3, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2017\2017_02399_Butler_v_California_Department_of_Corrections_(PSP)\17-cv-02399-PJH-serve.docx

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER STEVEN BUTLER,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

Case No. 17-cv-02399-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 3, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christopher Steven Butler
T-83516
CTF Central Training Facility
PO Box 682
Soledad, CA 93960

Dated: August 3, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON

8